UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILFREDO BARRIOS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | 3:07-cv-130-RLY-WGH |
| | ) | EV 02-CR-02-05-Y/H |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

**Entry Denying Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

Wilfredo Barrios ("Barrios") was found guilty of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846 and engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) and (b) in No. EV 02-CR-02-05-Y/H. Barrios' conviction and sentence was affirmed on direct appeal. Barrios also challenged his sentence, citing *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005), following the Seventh Circuit's limited remand to determine whether the court would have imposed on Barrios the same sentence as to Count I had it known the Sentencing Guidelines were advisory. The court determined that it would impose the same sentence and issued an order reaffirming the reason for its sentencing decision. The sentence in Count II was not subject to the limited remand because his conviction as to Count II was subject to a mandatory minimum life sentence.

Barrios now seeks to vacate, set aside, or correct the sentence imposed in his criminal case pursuant to 28 U.S.C. § 2255.

Section 2255 allows a court to grant relief from a federal conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

For the reasons explained below, Barrios' request for relief pursuant to § 2255 is **granted in part and denied in part.** In addition, the court finds that a certificate of appealability should not issue as to the claims for which relief is being denied.

## I.  Procedural History and Relevant Facts

Barrios was found guilty on September 3, 2003, of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine and engaging in a continuing criminal enterprise ("CCE"). See 21 U.S.C. §§ 841(a)(1), 846 and § 848(a) and (b). He was represented at trial by Robert Canada ("Canada" or "trial counsel"). Barrios was represented at sentencing by Douglas Walton ("Walton" or "sentencing counsel").

In *United States v. Gantt, et al.*, the Seventh Circuit summarized the evidence presented at Barrios' trial:

> In May 2001, police officers recovered marijuana and approximately $12,000 in cash from Brian Davis during a traffic stop. This led to a Drug Enforcement Administration ("DEA") investigation. The DEA collected information from two confidential informants who told police that Davis was involved in a methamphetamine trafficking organization operating in several states. Plastic bags and wrappers containing cocaine and methamphetamine residue were recovered from Davis' residence.
>
> On September 27, 2001, the district court authorized the DEA to conduct wire surveillance of Davis's cellular phone. Based on the intercepted drug-related conversations, the seizure of 40 pounds of methamphetamine and the testimony of cooperating witnesses, the government indicted 17 people. Count 1 of the second superseding indictment charged Deon Gantt, Chad Carrico, Wilfredo Barrios, and Jose Vigil with conspiracy to possess with the intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 846. Count 2 charged Barrios with engaging in a continuing criminal enterprise. *See* 21 U.S.C. § 848(a),(b). And Count 6 charged Carrico with possession with the intent to distribute less than 50 grams of methamphetamine. *See* 21 U.S.C. § 841(a)(1).

*United States v. Gantt, et al.,* Nos. 03-2299 and 03-3765, pp. 1-2 (7th Cir. 2005) (unpublished).

On appeal, represented by John A. Goodridge ("appellate counsel" or "Goodridge"), Barrios argued that "the evidence obtained through wire surveillance should have been suppressed because the application for the wiretap was not supported by probable cause, and because the DEA did not utilize other traditional methods of investigation before applying for the wiretap." *Id.*, at 2. The Seventh Circuit affirmed Barrios' conviction, explaining:

> The government provided ample evidence that Davis was involved in drug trafficking. The affidavit explained that marijuana and $12,000 in cash had been seized from Davis in a traffic stop, two informants had linked Davis to a methamphetamine trafficking organization, and bags containing cocaine and methamphetamine residue had been found at Davis's residence. The government also outlined a pattern of phone calls between the cellular phone in question and several other drug traffickers during and after drug seizures and drug deliveries. Upon review of all the evidence presented, we find that probable cause did exist and that the district court properly authorized the wire surveillance.
>
> The affidavit also established that the wire surveillance was "necessary," as required by 18 U.S.C. § § 2518(1)(c), (3)(c). Adequate evidence was presented showing that the government had attempted to use informants and undercover agents, grand jury proceedings, search warrants, pen register and toll records, and physical surveillance. These more traditional methods of investigation did not allow the DEA to establish contact with the higher-level members of the large trafficking organization. This alone is enough to prove necessity. *See United States v. Ceballos*, 302 F.3d 679, 684 (7th Cir. 2002).

*United States v. Gantt, et al.,* Nos. 03-2299 and 03-3765 at pp. 2-3.

## II. Section 2255

The scope of relief available under 28 U.S.C. § 2255 is narrow. The parameters of available relief under this statute have been previously addressed by the Seventh Circuit:

> Section 2255 is not a way to advance arguments that could have been presented earlier–especially not when the arguments rest entirely on a statute. *See Reed v. Farley*, 512 U.S. 339 (1994). Although § 2255 ¶ 1

> permits a collateral attack on the ground that 'the sentence was imposed in violation of the Constitution or laws of the United States,' only a small portion of statutory claims demonstrate that the sentence or conviction is itself a violation of law. The error must be so fundamental that a 'complete miscarriage of justice' has occurred. *Reed*, 512 U.S. at 348 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Other 'non-constitutional errors which could have been raised on appeal but were not are barred on collateral review–regardless of cause and prejudice.' *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988).

*Young v. United States*, 124 F.3d 794, 796 (7th Cir. 1997) (internal citations altered). Thus, relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991).

Barrios claims that (1) he was denied his Sixth Amendment right to the effective assistance of counsel, (2) the Second Superseding Indictment "failed to allege with specificity the grounds for the highest sentence under § 848," (3) he was not advised of his rights under the Vienna Convention on Consular Relations, and (4) the sentences imposed under 21 U.S.C. § 846 and § 848 constitute double counting.

### A. Ineffective Assistance of Trial Counsel

Under the Sixth Amendment to the U.S. Constitution, the accused has a right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland v. Washington,* 466 U.S. 668, 688-94 (1984)). For a petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. To that end, the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that

time, making every effort to "eliminate the distorting effects of hindsight." *Wiggins*, 539 U.S. at 523 (quoting *Strickland*, 466 U.S. at 688); *see also Kokoraleis v. Gilmore*, 131 F.3d 692, 696 (7th Cir. 1997).

With respect to the prejudice requirement, it must be shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F. 3d 768, 773 (7th Cir. 2003). A court "need not consider the first prong of the *Strickland* test if [it] find[s] that counsel's alleged deficiency did not prejudice the defendant." *Berkey*, 318 F.3d at 772 (citing *Matheney v. Anderson*, 253 F.3d 1025, 1042 (7th Cir. 2001)).

"[T]here is a 'strong presumption' that counsel's representation is within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 779 (2011) (quoting Strickland, 466 U.S. at 689. "To overcome that presumption, a defendant must show that counsel failed to act 'reasonabl[y] considering all the circumstances.'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland*, 466 U.S. at 690). In other words, "[t]he challenger's burden is to show 'that counsel made errors *so serious* that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" Harrington, 131 S. Ct. at 787 (quoting *Strickland,* 466 U.S. at 687)."The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.* at 788 (quoting *Strickland*, 466 U.S. at 690).

"Ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed." *Pole v. Randolph,* 570 F.3d 922, 934 (7th Cir. 2009) (citing *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005)). Thus, *Strickland* requires that counsel=s performance be evaluated as a whole rather than focus on a single failing or oversight. *Peoples v. United States,* 403 F.3d 844, 848 (7th Cir. 2005). "It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one." *Williams v. Lemmon,* 557 F.3d 534, 538 (7th Cir. 2009); *see also Balfour v. Haws*, 892 F.2d 556, 562-63 (7th Cir. 1989) (noting that for specific allegations of ineffective assistance courts must "weigh the overall quality of representation provided to the defendant" and not individual shortcomings).

Barrios' claims of ineffective assistance of trial counsel are as follows:

### 1. Failure to properly investigate and failure to present an adequate defense

Barrios argues that Attorney Canada failed to properly investigate and failed to present an adequate defense at trial. Barrios fails to identify how further investigation and additional defense tactics would have undermined his convictions. He identifies no testimony that would produce a different result. *Cf. United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987) ("When the allegation of the ineffectiveness of counsel centers on a supposed failure to investigate, we cannot see how . . . the petitioner's obligation can be met without a comprehensive showing as to what the investigation would have produced.").

### 2. Failure to make accurate transcripts of the wiretaps

Barrios claims that Attorney Canada received the transcripts from the government but failed to make his own transcripts to confirm the accuracy, failed to listen to the taped conversations with Barrios and does not recall taking the transcripts to discuss with Barrios either. Pet.'s Reply, Dkt. 50 at p.3. Similar to the first specification of attorney ineffectiveness, however, Barrios fails to explain how changes to wiretap transcripts would have changed outcome of trial. Barrios has failed to show any resulting prejudice based on the suggested changes to the wiretap transcripts. Accordingly, his claim of ineffective assistance of counsel on this basis fails.

### 3. Failure to adequately advise Barrios of plea options

Barrios claims that Attorney Canada failed to adequately advise him of his plea options. However, the United States is correct in pointing out that there is nothing in the record to suggest Barrios would have accepted a plea deal. Indeed, Barrios maintained his innocence through sentencing, appealed his conviction, and does not allege that a plea offer he was willing to accept was not conveyed to him by trial counsel.

Barrios' only advantage with straight guilty pleas would have been a two point reduction in offense level for acceptance of responsibility under Sentencing Guidelines U.S.S.G. § 3E1.1(a). This would have resulted in an offense level of 40 instead of 42 and would have had no effect on his ultimate guideline range. Barrios' level III criminal history category and offense level of either a 42 or 40 yields a sentencing guideline range of 360 months to life, and 21 U.S.C. § 848(b) makes a life sentence mandatory for Barrios because he was a leader of a CCE. Barrios had nothing to gain by entering a straight guilty plea. "If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we

expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697. That is the case here. Because no prejudice has been shown by Canada's failure to apprize Barrios of plea options, Barrios cannot prevail on this specification of ineffective assistance of counsel.

### 4. Failure to call potential witnesses

Barrios claims that Canada rendered ineffective assistance by failing to call an expert witness to testify about the hierarchy of drug conspiracies. Barrios fails, however, to show how such testimony would have changed the outcome of the trial or how the absence of this testimony rendered his trial unfair and unreliable. The improbable significance of such testimony, or even its potential to increase Barrios' culpability in the eyes of the jury, is shown by the overwhelming evidence against Barrios. Thus, his specification of ineffective assistance of counsel on this basis is without merit. *Strickland*, 466 U.S. at 686.

### 5. Failure to adequately cross examine the main government witnesses

Barrios claims that Canada did not effectively cross-examine Jerome Davis and Brian Davis, even though the investigation focused on the Davis organization, that Jason York testified without foundation and without objections from Canada, and that additional witnesses were not cross-examined by Canada. Barrios argues that through these omissions, Canada did not adequately pursue the defense that Barrios did not manage five or more people. Barrios' reliance on *Dixon v. Snyder*, 266 F.3d 693 (7th Cir. 2001), to support his position that Canada was ineffective in cross-examination is misplaced. As quoted by Barrios in his reply, "if [the eyewitness] statement had not come in as substantive evidence, there would have been no direct evidence--and only very slim circumstantial evidence--connecting Dixon to the murder. We thus find that there is a reasonable doubt that, absent defense counsel's errors, the trial judge would have had a reasonable doubt respecting Dixon's guilt." *Id.,* at 703-05. Here, unlike in *Dixon*, there was ample evidence to support Barrios' convictions, including his role as manager. Barrios' claims do not overcome the presumption that Canada's decision not to further cross-examine Jerome Davis, Brian Davis, other witnesses, or object to York's testimony might be considered sound trial strategy.

### 6. Failure to submit proper jury instructions

Barrios also claims that Attorney Canada was ineffective by his alleged failure to "submit the proper jury instructions." Because Barrios does not identify the instruction(s) he believes were improper or explain how they were improper, it is presumed that Barrios' complaint is with the CCE instruction, Final Jury Instruction No. 28. Attorney Canada objected to Final Jury Instruction No. 28 at trial, complaining that the CCE instruction made no requirement of unanimity with

regard to the five or more persons that Barrios had to supervise. The trial court found that the CCE instruction correctly stated the law–the jury is not required to unanimously agree on which five persons the defendant supervised. This understanding of the law was confirmed on appeal. *Gantt*, 186 Fed.Appx. at 677. Because this is a correct statement of the law, Barrios has failed to show prejudice by the instruction given or by the absence of alternative.

### B.   Ineffective Assistance of Appellate Counsel

Barrios also claims that appellate counsel was ineffective. Barrios claims that Attorney Goodridge was ineffective at his appeal by failing to challenge the CCE jury instruction and because Goodridge represented both Barrios and co-defendant Gantt. The standards for establishing ineffective assistance of counsel when handling appeals are identical to those established by Strickland. *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) (holding that only appellate counsel's failure to challenge "significant and obvious" issues will result in a finding of deficiency).

#### 1.  Failure to challenge the CCE jury Instruction

As set forth above, the CCE jury instruction was a correct statement of the law.

#### 2.  Goodridge's dual representation of Barrios and Gantt

Barrios claims that the dual representation of both Barrios and Gantt was a conflict of interest and that "[t]h[e] conflict prevented discovery of critical information regarding Mr. Barrios [sic] culpability because such information was confidential as to Mr. Gantt and his lawyer while Mr. Barrios could have used that information for his defense on appeal." As set forth in Goodridge's deposition, Barrios knew that Goodridge was representing Gantt and Barrios, Goodridge "discussed the fact that [he] was court appointed to represent Mr. Gantt. Mr. Gantt pled, breached his plea, did not testify at trial. [He] discussed the issue with him and we went over that." [Goodridge Dep., p. 28]. Goodridge also explained that he researched the multiple defendant issue and that he received a response from the Seventh Circuit saying it's not a conflict, per se. [Goodridge Dep. pp. 29-30].

The record fully contradicts Barrios' claims that he was not adequately represented at trial or in his direct appeal. Barrios' concerns with the performance of his attorney do not satisfy the *Strickland* standard:

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers.

Most convictions follow ineluctably from the defendants' illegal deeds."

*United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002). The same is inescapably true as to Barrios' arguments that he was denied the effective assistance of counsel. There is no entitlement to relief as to this claim, based on either the performance prong or the equally important requirement that he suffered prejudice. "The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead the test is . . . whether what [counsel] did was within the 'wide range of reasonable professional assistance.'" *Waters v. Thomas,* 46 F.3d 1506, 1518 (11th Cir. 1995) (en banc) (quoting *Strickland,* 466 U.S. at 689). It was explained in *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997), that:

> [t]he question posed by *Strickland* [is] whether, taking all of the proceedings into account, counsel made "the adversarial testing process work in the particular case." [*Strickland,*] 466 U.S. at 690. Counsel must contest the prosecution's case and advance a good defense; if that role has been fulfilled, a writ of habeas corpus should not issue. *See Burris v. Parke,* 116 F.3d 256 (7th Cir. 1997).

Barrios' attorneys at trial and in the direct appeal fulfilled this role.

### C. Procedurally Barred Claims

#### 1. Second Superseding Indictment

Barrios claims that the Second Superseding Indictment lacked specificity, that he was not advised of his rights under the VCCR, and that the sentences imposed under 21 U.S.C. §§ 846 and 848 represent double counting. Barrios did not raise these claims on direct appeal.

#### 2. Rights under the VCCR

The VCCR claim was considered following his conviction, but before his appeal. On November 5, 2003, the court determined that even if no one informed Barrios of his right to contact the Guatemalan consulate, he could show no prejudice from the violation.

#### 3. Double Counting under 21 U.S.C. §§ 846 and 848.

*Rutledge v. United States,* 517 U.S. 292 (1996), holds that the crime of conspiracy to distribute drugs in violation of 21 U.S.C. § 846 is a lesser included offense of supervising a CCE in violation of 21 U.S.C. § 848 and, therefore, a district

court may not sustain two convictions and impose separate sentences, even concurrent separate sentences, on both offenses. "One of [petitioner's] convictions, as well as its concurrent sentence, is unauthorized punishment for a separate offense' and must be vacated." *Id.* at 307.

Barrios makes the same claim, requiring the same result. *United States v. Rea*, 621 F.3d 595, 601 (7th Cir. 2010). The CCE sentence will be retained. *United States v. Martorano*, 2012 WL 3834662, *3 (3d Cir. Sept. 5, 2012).

### III. Conclusion

For the reasons explained above, Barrios' conspiracy conviction pursuant to 21 U.S.C. § 846 must be **vacated and he is entitled to a refund of the $100 special assessment.** An Amended Judgment in EV 02-CR-02-05-Y/H will be issued, with there being no reason for a full re-sentencing in light of the mandatory life sentence for the CCE offense.

As to Barrios' other claims, he is not entitled to relief on his § 2255 motion and that motion is **denied** in all respects other than as just specified above.

Accordingly, the motion for relief pursuant to § 2255 is **granted in part** and **denied in part.** Barrios' request for leave to file a supplemental memorandum is **denied**.

Judgment consistent with this Entry shall now issue.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that Barrios has failed to show that reasonable jurists would find Αit debatable whether the petition states a valid claim of the denial of a constitutional right@ and Αdebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore also **denies** a certificate of appealability as to the § 2255 claims which have been denied.

**IT IS SO ORDERED.**

Date: 09/27/2012

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

**Gerald A. Coraz**
**UNITED STATES ATTORNEY'S OFFICE**
**gerald.coraz@usdoj.gov**

**Jose Carlos Rojo**
**Josecrojo@aol.com**